## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LOMAR LLOYD ANTONIO DAVIS,

    Petitioner,

v.                                    No. 26-cv-0864-KWR-JFR

PAM BONDI, *et al*,

    Respondents.

### ORDER REQUIRING DISCLOSURE OF GHOSTWRITER

This matter is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). The Petition alleges Petitioner is subject to prolonged custody and seeks a release from custody or a bond hearing. The Petition was accompanied by a Motion for Immediate Release and Temporary Restraining Order (Doc. 2) (TRO Motion). That motion seeks the same relief as the Petition but on an emergency basis.

While the Petition and TRO Motions were ostensibly filed *pro se*, it appears that those documents were ghost-drafted by a lawyer. Each document takes the form of a legal brief and contains standard legal formatting, citations, and legal reasoning. The ghostwriter also includes adhesive tabs on the signature lines saying "Sign Here." *See, e.g.,* Doc. 1 at 5. Based on a comparison of the pleadings, this person appears to have filed "*pro se*" documents in at least four other cases. *See Sanchez Sanchez v. Bondi,* 26-cv-0866 MIS-KRS (D.N.M.); *Mederos-Ortega v. Bondi*, 26-cv-0802 KG-JFR (D.N.M.); *Hernandez-Hernandez v. Bondi*, 26-cv-00768-SMD-JHR (D.N.M.); and *Moreno Chov v. Castro*, 26-cv-0056 MLG-JFR (D.N.M.). In every single case, emergency motions were submitted along with the petition.

The Tenth Circuit does "not allow ... ghostwritten briefs." *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001).  The Tenth Circuit "require[s] disclosure of attorney ghostwriting because an attorney's provision of substantial legal assistance to a *pro se* party both inappropriately shields the attorney from accountability for his actions and affords the *pro se* party the unwarranted benefit of a liberal construction of [his or] her filings." *Velasquez-Sierra v. Garland*, No. 22-9556, 2023 WL 7179437, at *3 (10th Cir. Nov. 1, 2023).  Moreover, the District of New Mexico now receives hundreds of § 2241 filings per month.  The practice of ghost-writing has made it too easy for attorneys to bury the Court with initial emergency motions, requests for restraining orders, etc. while refusing to assist their client - most of whom have language barriers - at hearings.  These attorneys are not adhering to this Court's rules governing attorney admissions and (if applicable) *pro hac vice* appearances.  Attorney ghostwriters have also severely strained Clerk's Office resources by requiring case managers to scan and manually file hundreds (or sometimes thousands) of pages per day that should be submitted electronically via CM/ECF.

Consistent with this authority, and for these reasons, Petitioner must provide a copy of this Order to his ghostwriter <u>and</u> file a notice identifying the person who drafted the documents within twenty-one (21) days of entry of this Order.  The attorney also has the option of entering an appearance in this case, which would obviate the need for further inquiry.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order, Lomar Lloyd Antonio Davis shall file a notice identifying the person who drafted the documents in this case.

_____/**S**/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE

2