## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LOMAR LLOYD ANTONIO DAVIS,

    Petitioner,

v.                                                             No. 26-cv-0864-KWR-JFR

TODD LYONS, *et al*,

    Respondents.

## SECOND ORDER REQUIRING DISCLOSURE

This matter is before the Court on the Notice Identifying Assistance in Preparation of Filings (Doc. 6) (Notice).  The Notice was filed in response to the Court's Order (Doc. 5) requiring Petitioner to disclose the ghostwriter who drafted his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  As explained in the Order, the documents in this case were ostensibly filed *pro se*, but they take the form of a legal brief and contain standard legal formatting, citations, and legal reasoning.  The ghostwriter also includes adhesive tabs on the signature lines saying "Sign Here."  *See, e.g.,* Doc. 1 at 5.  The Order explains that this same ghostwriter appears to have filed "*pro se*" pleadings and emergency motions in other cases.  The Order identifies a handful of cases as examples, but many others exist in this Court.  *See* Doc. 5 at 1-2.

Consistent with Tenth Circuit authority, the Court required Petitioner to disclose the name of the individual who drafted his Petition.  *See Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) (The Tenth Circuit does "not allow ... ghostwritten briefs"); *Velasquez-Sierra v. Garland*, 2023 WL 7179437, at *3 (10th Cir. Nov. 1, 2023) (Courts "require[s] disclosure of attorney ghostwriting because an attorney's provision of substantial legal assistance to a *pro se* party both

inappropriately shields the attorney from accountability for his actions and affords the *pro se* party the unwarranted benefit of a liberal construction of [his or] her filings.").

In the instant Notice, Petitioner concedes that an undisclosed third party drafted his filings but alleges the ghostwriter is not an attorney. *See* Doc. 6 at 1. The Notice refuses to provide the name of the ghostwriter as directed but appears to provide reasons why the ghostwriting should be excused. *Id.* The Notice explains that preparing complex legal documents is extremely difficult and time confusing for incarcerated individuals. *Id.*

There is no authority that would allow either attorney ghostwriters or undisclosed third parties to represent *pro se* litigants in Federal Court, regardless of the above equitable arguments. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) (addressing inmate cases and holding all parties must "comply with the fundamental requirements of the Federal" Rules and procedures). Moreover, this particular ghostwriter has drafted petitions and emergency motions on behalf of many § 2241 petitioners in this Court. *See* Doc. 5 (citing examples). Based on this volume, it appears the ghostwriter is either: (1) an attorney who does not want to enter an appearance; or (2) a non-attorney who is engaging in the widespread, unauthorized practice of law. The Court therefore declines to depart from its original Order and will require Petitioner to disclose the name of the individual who drafted his petition by May 20, 2026. If Petitioner fails to timely comply with the extended deadline, the Court may dismiss this case without further notice.

To the extent the ghostwriter is in fact an attorney, he or she is advised that the Court is not yet investigating this matter in pursuit of sanctions. Right now, the goal is to ensure that attorneys enter an appearance and comply with applicable rules when drafting pleadings in Federal Court. If the ghostwriter continues representing *pro se* parties without disclosure, a more expansive investigation may occur. The parties are finally advised that all new *pro se* filings are processed in a centralized manner where ghostwriting may be flagged, regardless of the Judge assignment.

**IT IS ORDERED** that by May 20, 2026, Petitioner shall file a second notice identifying the name of the person who drafted the documents in this case.

_____/**S**/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE