**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LOMAR LLOYD ANTONIO DAVIS,

Petitioner,

v. Case No. 2:26-cv-00864 KWR-JFR

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER GRANTING IN PART HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE since October 2, 2024. Petitioner is mandatorily detained under 8 U.S.C. § 1226(c). Petitioner now asserts that his detention is prolonged. As explained below, Petitioner's Petition is well-taken and therefore is **GRANTED IN PART**. The Court directs Respondents to hold a bond hearing as described below.

**BACKGROUND**

Petitioner is a citizen of Jamaica and is currently detained by ICE at the Otero County Processing Center. Although a removal order was issued on November 10, 2025, he appealed that decision and his appeal remains pending. Briefing on appeal was received on June 26, 2026.

Petitioner was convicted of distribution of cocaine. He was taken into ICE custody on or about October 2, 2024. Although Petitioner received a bond hearing on October 25, 2024, the immigration judge concluded that he was mandatorily detained under § 1226(c) due to his cocaine distribution conviction.

Petitioner asserts that his detention is prolonged in violation of due process.

**DISCUSSION**

Petitioner has been mandatorily detained under 8 U.S.C. § 1226(c) for approximately two years. Petitioner's detention is plainly prolonged. Courts have granted a bond hearing under similar circumstances where a petitioner was mandatorily detained under § 1226(c). The Second Circuit "conclude[d] that the Fifth Amendment's guarantee of due process precludes a noncitizen's unreasonably prolonged detention under section § 1226(c) without a bond hearing." *Black v. Decker*, 103 F.4th 133, 159 (2d Cir. 2024). The Sixth Circuit summarized that when "immigration detention becomes needlessly prolonged and appears to no longer effectuate the regulatory goals of civil immigration detention, courts routinely hold that the Due Process Clause requires an individualized bond hearing to justify a noncitizen's continued detention." *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732–33 (6th Cir. 2026). The Third Circuit also ordered a bond hearing when a petitioner's detention was needlessly prolonged under § 1226(c). *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020). Here, Petitioner has been mandatorily detained under § 1226(c) for approximately two years, which the Court finds under the circumstances of this case is needlessly prolonged.

Here, under the unique circumstances of this case, the Court directs Respondents to hold a bond hearing. At the bond hearing, the immigration judge must conduct an individualized

determination whether his detention is necessary to prevent him from fleeing or harming the community.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that Respondents shall hold an individualized bond hearing as described above within **seven (7) days** of the entry of this order.

____________/S/_______________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE